1  BURKE, WILLIAMS & SORENSEN, LLP
   Stephen H. Galton (SBN 046732)
2    sgalton@bwslaw.com
   Keiko J. Kojima (SBN 206595)
3    kkojima@bwslaw.com
   444 South Flower Street, Suite 2400
4  Los Angeles, CA 90071-2953
   Telephone: 213.236.0600
5  Facsimile: 213.236.2700

6  Attorneys for Defendants Provident Life and Accident
   Insurance Company and Unum Group
7

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  HOWARD MILLER, M.D.,                    Case No. 08 CV 1041 LAB LSP

12              Plaintiff,                  **ANSWER TO COMPLAINT**

13  v.

14  PROVIDENT LIFE AND
    ACCIDENT INSURANCE
15  COMPANY; UNUMPROVIDENT
    CORPORATION; and DOES 1
16  through 10, inclusive,

17              Defendants.

18

19      Defendants Provident Life and Accident Insurance Company ("Provident")

20  and Unum Group ("Unum") [collectively "Answering Defendants"] answer the

21  Complaint herein by admitting, denying, and alleging as follows:

22

23              **ANSWERS TO GENERAL ALLEGATIONS**

24      1.      Answering paragraph 1, Answering Defendants admit that Plaintiff

25  Howard Miller, M.D. ("Plaintiff") submitted a claim for disability benefits to

26  Provident. Except as expressly admitted, Answering Defendants are without

27  knowledge or information sufficient to form a belief as to the truth of the

28  allegations of said paragraph and they deny them on that basis.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4812-8528-7170 v1                    - 1 -                    CASE NO. 08 CV 1041 LAB LSP
                                                                  ANSWER TO COMPLAINT

2.      Answering paragraph 2, Answering Defendants admit that Provident paid disability benefits to Plaintiff between approximately March 2004 and January 2008 and that on or about January 31, 2008 it denied further benefits, for good and sufficient reasons.  Except as admitted, Answering Defendants deny the allegations of said paragraph.

3.      Answering paragraph 3, Answering Defendants admit the allegations thereof.

4.      Answering paragraph 4, Answering Defendants admit and allege that Provident is a corporation, organized under the laws of the State of Tennessee with its principal place of business located in Chattanooga, Tennessee, and that at all relevant times it has been properly licensed and authorized to engage in the business of insurance in the State of California and the County of San Diego.

5.      Answering paragraphs 5 and 6, Answering Defendants admit and allege that Unum Group, formerly known as UnumProvident Corporation, is a corporation organized under the laws of the State of Delaware with its principal place of business in Chattanooga, Tennessee.  Answering Defendants admit and allege further that Provident is a subsidiary of Unum and that Unum, under its former name UnumProvident Corporation, was formed as a result of a merger between Provident Companies, Inc. and Unum Corporation on June 30, 1999.  Except as expressly admitted and alleged, Answering Defendants deny the remaining allegations of said paragraphs.

6.      Answering paragraphs 7 and 8, Answering Defendants deny each and every allegation thereof.

7.      Answering paragraph 9, Answering Defendants admit and allege that on and effective August 1, 1989 Provident issued to the Plaintiff an individual policy of disability insurance, number 06-337-5008023 ("Policy"), providing specified benefits in accordance with and subject to the limitations of the Policy, which is itself the best evidence as to the contents thereof.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4812-8528-7170 v1                - 2 -                CASE NO. 08 CV 1041 LAB LSP
ANSWER TO COMPLAINT

8.    Answering paragraphs 10 and 11, Answering Defendants refer to the Policy itself as the best evidence as to the contents therefore.

9.    Answering paragraph 12, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph and they deny them on that basis.

10.    Answering paragraph 13, Answering Defendants admit the allegations thereof.

11.    Answering paragraph 14, Answering Defendants admit and allege that Plaintiff wrote to Provident on or about January 30, 2006 and that said writing is the best evidence as to the contents thereof.

12.    Answering paragraph 15, Answering Defendants admit the allegations thereof.

13.    Answering paragraph 16, Answering Defendants admit and allege that Plaintiff wrote to Provident on or about May 16, 2006 and that said writing is the best evidence as to the contents thereof.

14.    Answering paragraph 17, Answering Defendants admit and allege that Plaintiff wrote to Provident on or about June 29, 2006 and that said writing is the best evidence as to the contents thereof.

15.    Answering paragraph 18, Answering Defendants admit and allege that Plaintiff wrote to Provident on or about September 15, 2006 and that said writing is the best evidence as to the contents thereof.

16.    Answering paragraph 19, Answering Defendants admit the allegations thereof.

17.    Answering paragraph 20, Answering Defendants admit and allege that Plaintiff wrote to Provident on or about December 4, 2006 and that said writing is the best evidence as to the contents thereof.

/ / /

/ / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4812-8528-7170 v1                              - 3 -                    CASE NO. 08 CV 1041 LAB LSP
ANSWER TO COMPLAINT

18.     Answering paragraph 21, Answering Defendants admit and allege that Provident wrote to the Plaintiff on or about January 22, 2007 and that said writing is the best evidence as to the contents therefore.

19.     Answering paragraph 22, Answering Defendants admit and allege that Provident wrote to the Plaintiff on or about July 9, 2007 and that said writing is the best evidence as to the contents therefore.

20.     Answering paragraphs 23 and 24, Answering Defendants admit and allege that Provident notified Plaintiff in writing on or about January 31, 2008 that, for good and sufficient reasons, he no longer qualified for disability benefits under the Policy and would be required to pay premiums in the future.  Except as expressly admitted and alleged, Answering Defendants deny the allegations of said paragraphs.

21.     Answering paragraph 25, Answering Defendants deny each and every allegation thereof.

## ANSWERS TO ALLEGATIONS OF FIRST COUNT

22.     Answering paragraph 26, Answering Defendants refer to and incorporate herein by this reference their Answers to paragraphs numbers 1 through 25 of the Complaint herein.

23.     Answering paragraphs 27 through 32, inclusive, Answering Defendants deny each and every allegation thereof.

## ANSWERS TO ALLEGATIONS OF SECOND COUNT

24.     Answering paragraph 1 [sic], Answering Defendants refer to and incorporate herein by this reference their answers to the allegations of paragraphs numbers 1 through 32 of the Complaint herein.

25.     Answering paragraphs 2 [sic] and 3 [sic], Answering Defendants deny each and every allegation thereof.

## FIRST AFFIRMATIVE DEFENSE

26.    The Complaint, and each of its alleged causes of action, fails to state a claim upon which relief may be granted against Answering Defendants, or either of them.

## SECOND AFFIRMATIVE DEFENSE

27.    The Complaint, and each of its alleged causes of action, is barred by the applicable statutes of limitations and/or contractual limitations periods.

## THIRD AFFIRMATIVE DEFENSE

28.    The Complaint, and each of its alleged causes of action, is barred by Plaintiff's failure to exhaust contractual and administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

29.    The Complaint, and each of its alleged causes of action, is barred by the doctrines of waiver, estoppel, unclean hands, and laches.

## FIFTH AFFIRMATIVE DEFENSE

30.    Answering Defendants allege on information and belief that after the occurrence of the alleged loss and damage to Plaintiff, Plaintiff herein failed and refused to mitigate his damages and by reason thereof, he is barred, in whole or in part, from recovery from Answering Defendants.

## SIXTH AFFIRMATIVE DEFENSE

31.    Answering Defendants allege on information and belief that the incident, injury or damage alleged in the Complaint occurred and was proximately caused by either the sole negligence or sole bad faith conduct of Plaintiff, which bars Plaintiff's recovery, or was contributed to by Plaintiff's negligence or bad faith

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4812-8528-7170 v1    - 5 -    CASE NO. 08 CV 1041 LAB LSP
ANSWER TO COMPLAINT

1  conduct. Plaintiff's recovery, if any, should be reduced by an amount proportionate
2  to the amount by which Plaintiff's negligence or bad faith conduct contributed to
3  the happening of the alleged injuries.
4
5  ### SEVENTH AFFIRMATIVE DEFENSE
6      32.    Each and every act or statement done or made by Answering
7  Defendants, their officers, employees, agents, or attorneys, with reference to
8  Plaintiff, or Plaintiff's claim, was a good faith assertion of their rights and was
9  privileged.
10
11  ### EIGHTH AFFIRMATIVE DEFENSE
12      33.    Plaintiff's claims for extra-contractual damages are barred by the
13  provisions of California Insurance Code, § 10111.
14
15  ### NINTH AFFIRMATIVE DEFENSE
16      34.    Plaintiff's claim for attorneys' fees is barred by California Code of
17  Civil Procedure § 1021.
18
19  ### TENTH AFFIRMATIVE DEFENSE
20      35.    Plaintiff's claims for breach of contract and breach of the implied
21  covenant of good faith and fair dealing are barred by his failure to pay premiums to
22  maintain his policies in force.
23
24  ### ELEVENTH AFFIRMATIVE DEFENSE
25      36.    Plaintiff's claim for punitive damages is barred by the Fourteenth
26  Amendment substantive due process provision of the Constitution of the United
27  States of America and/or the Article 1, § 7 substantive due process provision of the
28  Constitution of the State of California.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4812-8528-7170 v1                - 6 -                CASE NO. 08 CV 1041 LAB LSP
                                                          ANSWER TO COMPLAINT

1

**TWELFTH AFFIRMATIVE DEFENSE**

2      37.    Plaintiff's claim for punitive damages is barred by the Fourteenth

3  Amendment procedural due process provision of the Constitution of the United

4  States of America and/or the Article 1, § 7 procedural due process provision of the

5  Constitution of the State of California.

6

7

**THIRTEENTH AFFIRMATIVE DEFENSE**

8      38.    Plaintiff's claim for punitive damages is barred by the Article 1, § 17

9  excessive fines provision of the Constitution of the State of California.

10

11

**FOURTEENTH AFFIRMATIVE DEFENSE**

12      39.    Plaintiff's claim for punitive damages is barred by the Article 1, § 10

13  contracts clause of the Constitution of the United States of America and/or the

14  Article 1, § 9 contracts clause of the Constitution of the State of California.

15

16

**FIFTEENTH AFFIRMATIVE DEFENSE**

17      40.    Should Plaintiff produce clear and convincing evidence sufficient to

18  satisfy the requirements for punitive damages under Civil Code § 3294 as to

19  Answering Defendants, any punitive damages awarded must be reasonable in terms

20  of the guideposts established by the United States Supreme Court in *BMW of North*

21  *America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996),

22  and refined in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct.

23  1513, 155 L. Ed. 2d 585 (2003): (1) the degree of reprehensibility of defendants'

24  conduct; (2) the actual harm inflicted; and (3) the civil or criminal penalties that

25  could be imposed for comparable conduct.

26  / / /

27  / / /

28  / / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4812-8528-7170 v1                    - 7 -                    CASE NO. 08 CV 1041 LAB LSP
                                                                 ANSWER TO COMPLAINT

1    WHEREFORE, Answering Defendants pray judgment:

2        1.     That Plaintiff take nothing by reason of his Complaint;

3        2.     For costs of suit incurred herein, including attorneys' fees; and

4        3.     For such other and further relief as the Court may deem just and

5    proper.

6

7    June 17, 2008                              Burke, Williams & Sorensen, LLP
                                                Stephen H. Galton
8                                               Keiko J. Kojima

9
                                                By: _/s/ Stephen H. Galton_
10                                                   Stephen H. Galton
                                                Attorneys for Defendants Provident Life
11                                              and Accident Insurance Company and
                                                Unum Group
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4812-8528-7170 v1                    - 8 -              CASE NO. 08 CV 1041 LAB LSP
                                                           ANSWER TO COMPLAINT

1

## PROOF OF SERVICE

2

3      I am a citizen of the United States and employed in Los Angeles County,
California.  I am over the age of eighteen years and not a party to the within-entitled
4   action.  My business address is 444 South Flower Street, Suite 2400, Los Angeles,
California 90071-2953.

5

6      On June 17, 2008, I served a copy of the following document(s): **ANSWER
TO COMPLAINT** on the interested parties in this action by placing a true and
7   correct copy of such document(s), enclosed in a sealed envelope, addressed as
follows:

8      Michael B. Horrow
Donahue & Horrow LLP
9      222 N. Sepulveda Blvd., 20th Floor
El Segundo, CA 90245
10     Tel: (310) 335-2006
Fax: (310) 335-2001
11     Email: mhorrow@donahuehorrow.com

12     ☐   following ordinary business practices, by placing the document(s)
listed above in a sealed envelope and placed for collection and mailing
13        on this date, and would, in the ordinary course of business, be
deposited with the United States Postal Service on this date.

14

15     ☐   by placing the document(s) listed above in a sealed [_____]
envelope and affixing a pre-paid air bill, and causing the envelope to
16        be delivered to a [_____] agent for delivery.

17     ☒   by electronic service of the document(s) through the Court's
transmission facilities.

18     I declare that I am employed in the office of a member of the bar of this court
at whose direction the service was made.  Executed on June 17, 2008, at Los
19   Angeles, California.

20

21     *Barbara W. Jeong*
      Barbara W. Jeong

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4828-4196-3778 v1